**Opinion filed January 6, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00303-CR

_____

## JESSIE LEONARD MCCORD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR19860**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jessie Leonard McCord, upon his plea of guilty, of murder. The jury found that appellant did not act under the immediate influence of sudden passion and assessed his punishment at confinement for life and a $10,000 fine. We affirm.

In his sole issue on appeal, appellant argues that the trial court abused its discretion by admitting postmortem pictures of the victim. Specifically, appellant contends that prejudicial value of State's Exhibit Nos. 6 and 7 – pictures of the victim's body when she was discovered in the landfill – out weighed any probative value under TEX. R. EVID. 403.

Appellant testified that he and the victim had been married and divorced. After the divorce, they lived together off and on. Appellant testified that the victim was laughing when she told him that she had been sleeping with another man. There was a knife on the entertainment center, and appellant thought the victim was going to grab it. He grabbed the knife first and stabbed her two or three times before he realized what he had done. He wrapped her body in a blanket, drove to the elementary school, and put her body in the dumpster.

Brown County Sheriff's Department Investigator Scott Bird testified that the victim's body was discovered in the landfill. The body was at the bottom of the pit in front of a bulldozer. It appeared that the bulldozer had run over the body. The legs were tangled with each other, the entrails were outside of the body, and the face was "ripped off the skull."

The autopsy revealed that the cause of death was a stab wound above the victim's right collarbone. State's Exhibit Nos. 6 and 7 depicted the fatal stab wound to the victim's right collarbone as her body appeared in the landfill.

The trial court found that the probative value out weighed the prejudicial value and admitted State's Exhibit Nos. 6 and 7. The Court of Criminal Appeals recently addressed the appellate review of the admission of graphic photographs pursuant to Rule 403 in *Wilkins v. State*, No. AP-75878, 2010 WL 4117677 (Tex. Crim. App. Oct. 20, 2010). Citing *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004), and *Montgomery v. State*, 810 S.W2d 372, 391 (Tex. Crim. App. 1991), the *Wilkins* court stated:

> A Rule 403 analysis includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. In the context of photographs, we also consider factors including "the number of photographs, the size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy." The trial court's decision to admit or exclude such evidence is reviewed under an abuse of discretion standard (*footnotes omitted*).

*Wilkins*, 2010 WL 4117677, at *4.

In conducting its balancing analysis under Rule 403 and *Montgomery*, the trial court determined that, while both exhibits were gruesome, each had probative value in depicting the fatal stab wound. The trial court redacted the upper portion of State's Exhibit No. 7 admitting

only the lower portion.  The record reflects that the trial court did not abuse its discretion.  The sole issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


January 6, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.